IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Strike 3 Holdings LLC, | ) | CASE NO. 1:23-cv-00178-JAO-RT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECLARATION OF JEREMY J.** |
| | ) | **THOMPSON IN SUPPORT OF** |
| | ) | **PLAINTIFF'S RESPONSE TO** |
| John Doe Subscriber assigned IP address | ) | **DEFENDANT'S MOTION FOR** |
| 75.85.3.187, | ) | **ATTORNEYS' FEES AND** |
| | ) | **COSTS** |
| Defendant. | ) | |
| | ) | |

I, Jeremy J. Thompson, declare as follows:

1.     I am over the age of 18 and am otherwise competent to make this declaration.  I have been admitted to this matter *pro hac vice* in this matter and am counsel for Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff").

2.     I make this Declaration in Support of Plaintiff's Response to Defendant's Motion for Attorneys' Fees and Costs. I have personal knowledge of the facts stated in this declaration and, if called upon to do so, I could and would competently testify thereto.

3.     During discovery, in response to Plaintiff's Requests for Production, Defendant originally produced zero materials in response to Plaintiff's requests.

After the parties conferred, Defendant later supplemented in several materials, including BATES1016, a true and correct copy of which is attached hereto.

4.    On December 2, 2024, Plaintiff's counsel received an email from defense counsel which was entitled "Billing and Costs Statements" and which contained four attachments. In the email, Mr. Edmondson stated: "Per the local rules, here are our billing statements for you to object to before we file our fee motion.  My hourly rate is below Kerry Culpepper who got awarded $450.00 per hour, so I believe a 425-450 lodestar for me is reasonable. Kerry and I have similar CV's. HLA's rates are comp to other fee awards. Leonard has put in a short bio."

5.    The first attachment was a one-page document entitled "INVOICE FOR JOHN DOE – COSTS," and the second attachment was entitled "INVOICE FOR JOHN DOE – JCE."  Both of those documents have been filed as attachments to Mr. Edmondson's Declaration.  D.E. 63-9, pp. 8-19.

6.    The third attachment to defense counsel's email was entitled LASH Time – [REDACTED]. The document is a 17-page chart of billed time, which has been filed as an attachment to Ms. Sasaki's Declaration.  D.E. 63-11, pp. 8-24.

7.    The fourth attachment to defense counsel's email was entitled "Time Log Leonard J. French for Strike 3 v. John Doe – Dist. of Hawaii."  This document has been filed as an attachment to Mr. French's Declaration.  D.E. 63-10, p. 3.

8.    The attachments did not include invoices for "expenses" from Legal Aid Society of Hawaii. A summary of those expenses were produced for the first time in Ms. Sasaki's declaration on January 20, 2025. *See* D.E. 63-11, at ¶10.

9.    On December 5, 2024, I emailed defense counsel reminding them of L.R. 54.2(d)(2)'s requirement that all counsel produce evidence in support of their rates and invoices.  Further, I stated: "Thus, to clarify the dispute, please let me know whether Defendant 'paid on an hourly basis' and if so, provide the 'records showing the rates paid for those services.' But if Defendant did not actually pay the hourly rate, confirm that so that we can make that clear for the Court.  Additionally, the Rule also requires 'evidence' of comparable rates if you intend to rely on those. Plaintiff will need that evidence for your rate as well as Mr. French's and Legal Aid's rate.  Finally, in order to satisfy the Local Rules, we also need all invoices to the client and billing software records.  If there are no invoices and/or billing records, you should state that."

10.    Defense counsel did not respond to my email.  On December 13, 2024, I sent defense counsel a follow up letter noting that defense counsel had yet to produce all evidence in support of their rates and invoices and again requested this information. I also provided a spreadsheet that identified Plaintiff's objections to defense counsel's fees and costs, which identified many as being excessive, clerical, vague, and block-billed. *See* D.E. 63-14, *Exhibit* A to Joint Statement.

11.    My co-counsel, Christian Kamau, and I attended a meet and confer regarding defense counsel's request for fees and costs on December 23, 2024. During the meet and confer, Mr. Edmondson stated that they rejected all of Plaintiff's objections and that they would attach any additional information they needed to their motion for fees and costs. Defense counsel did not agree to produce any additional information.

12.    Indeed, defense counsel did not provide Plaintiff with any additional information to evaluate the reasonableness of defense counsel's fees and costs that was not in defense counsel's prior December 2 email (*see* D.E. 63-9, pp. 8-19, D.E. 63-10, p. 3, D.E. 63-11, pp. 8-24), and, defense counsel did not specifically identify any additional information that they would use to support their motion for fees and costs. Counsel also billed significantly for a retainer agreement and a standard stipulated protective order, neither of which have been provided to or reviewed by Plaintiff.

13.    In sum, defense counsel provided no other information for Plaintiff to assess the reasonableness of defense counsel's fees other than the four attachments to the December 2 email and the reference to an attorney named "Kerry Culpepper."

14.    On January 20, 2025, defense counsel filed their fees and cost motion. Of note, defense counsel revealed the true identity of the Defendant as well as his

wife's name in an exhibit to the motion, D.E. 63-3, which violated the Court's protective order. D.E. 54.

15.    In another case involving Mr. French and Mr. Edmondson, *Strike 3 Holdings, LLC v. Adaire*, No. 20-676 (M.D. Fla.), their fee agreements revealed that they only charged defendant $100/hour and had a fee split arrangement, meaning the defendant could receive a portion of any attorneys' fees recovered by counsel. *Id.* at D.E. 53-1 (Mr. French's retainer agreement noting he will discount his rate to $100/hour and containing fee split arrangement with defendant); D.E. 53-2 (Mr. Edmondson's retainer agreement noting he will reduce his rate to $100/hour and containing fee split arrangement with defendant); D.E. 138-11 (hearing admitting to fee split agreement).

16.    On January 24, 2025, my co-counsel, Mr. Kamau, emailed defense counsel about Defendant's error in revealing his identity and noted that Plaintiff did not oppose remedying the filing.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of February, 2025.

*/s/ Jeremy J. Thompson*
Jeremy J. Thompson