LEGAL AID SOCIETY OF HAWAI`I
MORGAN K. SASAKI          11736
924 Bethel Street
Honolulu, Hawaii 96813
Phone: (808) 536-4302
Email: nicholas.severson@legalaidhawaii.org
Email: morgan.sasaki@legalaidhawaii.org

EDMONDSON IP LAW
J. CURTIS EDMONDSON* CA SBN 236105
15490 NW Oak Hill Drive
Beaverton, Oregon 97006
Phone: (503) 336-3749
Email: jcedmondson@edmolaw.com
*pro hac vice

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | Case No. 1:23-cv-00178-JAO-RT |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **REPLY TO STRIKE 3 HOLDING'S** |
| vs. | ) | **OPPOSITION TO JOHN DOE'S** |
| | ) | **MOTION FOR ATTORNEY FEES;** |
| JOHN DOE subscriber assigned IP | ) | **CERTIFICATE OF SERVICE** |
| address 75.85.3.187, | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| Defendant. | ) | |
| | ) | |

## REPLY TO STRIKE 3 HOLDING'S OPPOSITION TO JOHN DOE'S
## MOTION FOR ATTORNEY FEES

Plaintiff Strike 3, opposed Defendant John Doe's *Motion for Attorney Fees*

calling John Doe's entry of judgment <u>with prejudice</u> "merely technical", implying

that it was not really a *win* for the purpose of a fee award. [*Opposition* (ECF No. 67), 5; *see* Doe's *Motion* (ECF Nos. 63 & 66).] However, Judge Zilly, presiding over a similar case in a Ninth Circuit district, opined the following on such an argument:

> In essence, Strike 3 is attempting to thwart John Doe's efforts to obtain attorney's fees and costs by, on the one hand, refusing to dismiss its Copyright Act claim with prejudice and thereby denying John Doe "prevailing party" status, while on the other hand, deploying its dismissal without prejudice as a jurisdictional shield against John Doe's declaratory judgment claim. The Court will not permit Strike 3 to use such "gimmick designed to allow it an easy exit . . ."
>
> *Strike 3 Holdings, LLC v. Doe*, 17-cv-1731, pp10 (W.D. Wash. Jan 31, 2020) (awarding fees to Doe).

The *Fogerty* factors ("FF") are in John Doe's favor. (*See Fogerty v. Fantasy, Inc.* 510 U.S. 517 (1994).) Plaintiff, a frequent litigator with resources and trial capacity, did not have to settle this case in Doe's favor. Plaintiff knew that they did not have the supporting facts when they filed their *First Amended Complaint* ("FAC"), did not care that the "Additional Evidence" file produced in discovery no more pointed to John Doe as it could have pointed to any other Doe, and Plaintiff's opening expert reports never concluded that Doe was the infringer.

Further, Doe properly documented fees under lodestar, and an analysis of *Kerr* factors is not necessary, as it is applicable only when an adjustment to lodestar is requested – and Plaintiff made no such request here.

As such, John Doe requests judgment and entry of order for an award of $85,612.75 in attorney fees and $2,158.86 in non-taxable costs.

# ARGUMENT

## I.    STRIKE 3 HAS NOT SHOWN THAT ANY OF THE *FOGERTY* FACTORS ARE IN THEIR FAVOR.

### A. FF 1: JOHN DOE HAD UNEQUIVOCABLE <u>SUCCESS</u> SINCE STRIKE 3 HAD THE FREEDOM NOT TO ACCEPT AN ENTRY OF JUDGMENT WITH PREJUDICE

Plaintiff agreed that this factor favors John Doe: "Plaintiff does not contest that Defendant is the prevailing party. In fact, it stipulated to it so that the Defendant could move for fees." (ECF No. 67, 5.)

Plaintiff's allegations that John Doe only won on "technical defenses," citing *Tresona,* is misplaced if arguing that a stipulation to enter a judgment with prejudice is *not* a success on the merits. (*Id.*) If a defendant cannot win a damages award regardless of dismissal "with" or "without prejudice," it would be absurd for any defendant not to agree to dismissal with prejudice in a copyright context.

This district awards attorney fees on infringement cases when the plaintiff takes an entry of default. See *Animaccord Ltd. v. Tran,* 23-CV-00173 (D. Haw. Mar 28, 2024); *HB Prods. v. Faizan*, CIVIL 19-CV-00487 D. Haw. Jun 07, 2022.) When a plaintiff stipulates to an entry of judgment in favor of the defendant, it should be treated no differently than when a plaintiff gets a default judgment.

### B. FF 2: PLAINTIFF'S FACTUALLY FRIVOLOUS LAWSUIT

A lawsuit is frivolous when counsel has in their possession facts that would render them unreliable and evidences a lack of due diligence. [*See Amazon.com, Inc.*

*v. PersonalWeb Technologies* LLC 85 F.4th 1148, 1162 (Fed. Cir. 2023) holding that an "…exercise of even a modicum of due diligence by [plaintiff], as part of a pre-suit investigation, would have revealed the weaknesses in its litigation position…"] Here, Plaintiff filed its amended complaint based on just five social media screenshots showing common, unspecific interests.  ["Fruits Decl." (ECF No. 63-6), ⁋ 1.] As Dr. Fruits opined:

> Strike 3's approach in this matter is much more likely to yield a "false positive" (i.e., finding liability when there is none) than if a more thorough and unbiased methodology were employed . . . Further, given that the files produced were created long after litigation began, there is the risk that data has been manipulated. (*Id.*)

Plaintiff cannot counter Dr. Fruits' expert report or overcome Doe's argument for FF 2. In lieu of having an adequately qualified expert rebut Fruits' testimony, Plaintiff proffered a declaration from in-house counsel, Jessica Fernandez, despite her lack of qualifications under *Daubert*, where she admits that she generated a report of "Additional Evidence" on or around September 1, 2023, well after filing the initial complaint on April 17, 2023, and five weeks before filing the FAC on October 9, 2023. ["Fernandez Decl." (ECF No. 67-3), ⁋ 8.]

Thus, Plaintiff (per its own in-house counsel) failed to perform even minimal factual investigation and due diligence prior to filing this action. Such filing of a case without factual foundation has been found to even support sanctions and an

award of attorneys' fees and costs. *Christian v. Mattel, Inc.,* 286 F.3d 1118 (9th Cir. 2002.) Accordingly, this factor is in John Doe's favor.

### C. FF 3: PLAINTIFF'S CONDUCT SHOWS THEIR BAD FAITH MOTIVATION BY FAILING TO ADEQUATELY REVIEW THE "ADDITIONAL EVIDENCE" FILE

Plaintiff argues the lawsuit was brought in "good faith" yet clearly did not adequately review their own "Additional Evidence" file before filing the FAC. Fernandez does not explain how or why she selected a miniscule number of downloads that allegedly linked John Doe as the sole infringer while solely ignoring the exculpatory facts. Ignorance of the exculpatory facts is either gross negligence or pure bad faith to continue to litigate against John Doe by virtue of the FAC. Further, as Dr. Fruits showed, the manipulation of Bates 5 (VXN+IPP) to Bates 13 (VXN only) shows a lack of confidence in the data that they originally should have relied upon pre-filing.

Despite the "Additional Evidence" showing it was either multiple infringers or a polyglot, Plaintiff alleged that John Doe was the *sole* infringer "stealing [Plaintiff's] works on a grand scale." (FAC, ¶ 4.) Plaintiff ignored John Doe's initial, November 3, 2023 email that attempted to mitigate costs and negotiate settlement; explained his circumstances, permanent disability, and financial hardship; and tried to even help Plaintiff by suggesting alternative theories to their own case, such as

open Wi-Fi in a dense neighborhood. (ECF No. 63-1, 3.) Yet, in response, Plaintiff demanded a minimum settlement of $18,750. (ECF No. 63-2.)

Plaintiff doubled down on its settlement demand and continued their litigation efforts despite a lack of due diligence pre-lawsuit and thereafter, including their reliance on their "Additional Evidence" that was developed prior to filing the FAC that so clearly pointed to someone other than John Doe. This is textbook "bad faith" litigation. This factor weighs in John Doe's favor.

### D. FF4: PLAINTIFF DID NOT REBUT JOHN DOE'S ARGUMENT THAT THEIR ASSERTION OF INFRINGMENT WAS OBJECTIVELY UNREASONABLE IN VIEW OF CONTRADICTORY AND MANIPULATED EVIDENCE.

The parties agree that "Objective Unreasonableness" is given the greatest weight. (ECF No. 63-1, 4; ECF 67, 3). All it takes is for a party to advance one unreasonable argument during litigation for the court to find support a claim of attorney fees. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1089 (9th Cir. 2022). It is a lower threshold than a violation of Rule 11. *Elec. Commc'n Techs., LLC v. Shopperschoice.Com, LLC*, 963 F.3d 1371, (Fed. Cir. 2020).

Since Plaintiff's lawsuit was objectively unreasonable based on data they had prior to filing the lawsuit, their own produced "evidence," and Plaintiff's own expert reports failing to show any definitive link between John Doe and the alleged infringement of 25 works, this Court should grant fees for John Doe. No objectively

reasonable litigant would have brought this lawsuit against anyone connected to this IP address as it was open to the public, making it impossible for a plaintiff to definitively conclude a sole infringer as alleged in this matter.

Plaintiff's weak expert reports are a clear indicium of objective unreasonableness. [*Amazon.com, Inc. v. PersonalWeb Technologies* LLC, 85 F.4th 1148, 1161 (Fed. Cir. 2023).] More importantly, unaddressed and unrebutted by Plaintiff, are the discrepancies between the "Additional Evidence" file generated by VXN and the data created by IPP, leading to question of what other parts of VXN produce inconsistent data? Plaintiff attempts to buttress the accuracy and validity of VXN with their in-house counsel's declaration; however, as mentioned above, Ms. Fernandez was neither designated as an expert nor qualified to testify to the statistical analysis or the accuracy and validity of VXN's computer systems. (*See* Fernandez Decl.)

Plaintiff's pursuit of this case is also objectively unreasonable when considering the duty to mitigate damages: Plaintiff could have used 17 U.S.C. § 512(c) ("DMCA Takedown") but failed to do so. While optional for a plaintiff, a DMCA Takedown provides notice to any potential defendants (especially innocent ones) of the allegedly infringing activity and gives them a chance to stop that activity. Plaintiff took no such action in this case and waited for the IP address to accumulate 25 infringements before filing a lawsuit, betraying that Plaintiff is not a

sincere copyright holder who needs the statutory damages to be made whole. This factor is in John Doe's favor.

### E. FF 5: THE NEED TO ADVANCE CONSIDERATIONS OF COMPENSATION AND DETERRENCE FALLS IN FAVOR OF DEFENDANT.

Non-infringing defendants should not have to suffer the cost and expense when a plaintiff engages in inadequate due diligence and the case is maintained solely to squeeze a settlement. Plaintiff's citation to *Glacier Films (USA), Inc. v. Turchin* 896 F.3d 1033 (9th Cir. 2018) supports John Doe's position regarding an award of fees. In *Glacier*, the defendant stipulated to liability, but the trial court did not award fees. The Ninth Circuit reversed, awarding fees. Here, the plaintiff has stipulated to non-liability and as such, under *Fogerty,* where plaintiffs and defendants should be treated equally, should be awarded fees. In fact, *Glacier* accurately describes the type of conduct that Plaintiff engages in: "...seeking settlements from crowds of John Does embarrassed that they were "caught" downloading tawdry titles..." (*Id.* at 1042.)  This factor weighs in John Doe's favor.

## II.   JOHN DOE'S REQUEST IS REASONABLE UNDER LODESTAR

### A. THE *KERR FACTORS* ARE INAPPLICABLE SINCE JOHN DOE IS NOT ASKING FOR A MULTIPLIER

Plaintiff misrepresents the application of the *Kerr* factors. The *Kerr* factors apply when the court seeks "adjust the lodestar upward or downward using a

multiplier" and requires that the court "explicitly discuss why the *Kerr* reasonableness factors do or do not favor applying a multiplier (positive or negative) in this case." [*Stanger v. China Electric Motor,* 812 F.3d 734, 740 (9th Cir. 2016), (explaining *Kerr*).] Doe's counsel, here, have not requested an upward multiplier. It would be for the Court to discuss the *Kerr* factors should it apply such an upward or downward multiplier in this case. Plaintiff's argument on *Kerr* is a red herring.

## B. ATTORNEY RATES ARE REASONABLE UNDER LODESTAR

Nowhere in their opposition brief does Plaintiff dispute movant's hourly rates under lodestar. Plaintiff also fails to argue that movants' fees deserve a downward multiplier. Plaintiff has failed to provide attorney survey evidence that contradicts the requested hourly rates obtained from the AIPLA report. (ECF No. 63-12.)

## C. EVEN LOSING ARGUMENTS ARE COMPENSABLE

A court should subtract time for losing claims, but the "most critical factor is the degree of success obtained." [*Hensley v. Eckerhart*, 461 U.S. 424, 433-35 (1983), *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988) (interpreting *Hensley* to mean that a losing argument in support of a successful claim for relief is fully compensable time).].

## D. NO CASE LAW THAT NON-APPEARING COUNSEL CANNOT BE ACCOUNTED FOR UNDER LODESTAR

Plaintiff misrepresents the holding in *Gaede v. Delay*, No. 23-35217, (9th Cir. Mar. 6, 2024), an unpublished case, where the Court found that *pro bono* counsel

may recover fees, but not for the billed hours that were reasonably attributed to work performed for a different party.

This is different from the proposition that an attorney can never recover, in a prevailing-party case, for billable time spent advising and assisting while John Doe was *pro se* and indigent, and further so when Doe actually prevailed, and Attorney French's work was in support of John Doe's specific matter.

## E. ATTORNEY FRENCH IS NOT A *PRO SE* PARTY

Plaintiff cites to *Gaede* and *Virchinsky,* indicating that Attorney French cannot recover his fees; however, he is not a *pro se* party who would otherwise be barred. Attorney French specializes in providing BitTorrent defense support for over a decade (https://torrentdefense.com/). It is not uncommon for firms to bill for attorneys or paralegals, who have not made appearances in a case.

## CONCLUSION

Plaintiff attempts to martyr itself when stating that they "stipulated to terminating its claim to avoid burdening Doe with prolonged litigation in light of his health issues *that arose* during litigation." (ECF 67, 1, emphasis added.) Plaintiff had no evidence supporting that statement, when in fact, John Doe's permanent disability factored into his decision to live out his days in the Aloha State. Yet little did he know that he and his family would be subjected to almost two years of litigation-related stress, anxiety, and deterioration.

-10-

Dated: Honolulu, Hawaii, February 10, 2024

/s/ J. Curtis Edmondson            /s/ Morgan K. Sasaki
EDMONDSON IP LAW                    LEGAL AID SOCIETY OF HAWAI`I
J. CURTIS EDMONDSON*                MORGAN K. SASAKI
15490 NW Oak Hill Drive             924 Bethel Street
Beaverton, Oregon 97006             Honolulu, Hawaii 96813
Phone: (503) 336-3749               Phone: (808) 536-4302
Email: jcedmondson@edmolaw.com      Email: morgan.sasaki@legalaidhawaii.org
*pro hac vice

                                    Counsels for Doe