IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Apr 30, 2025
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE SUBSCRIBER, ASSIGNED IP ADDRESS 75.85.3.187;<br><br>Defendant. | CIV. NO. 23-00178 JAO-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS |

**FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

On January 20, 2025, Defendant John Doe Subscriber ("Defendant"), assigned IP address 75.85.3.187, filed a *Notice of Motion for Attorneys' Fees and Costs* ("Fee Motion") and requested an award of $85,612.75 in attorneys' fees and $2,158.86 in costs. ECF No. 63. The Court elects to decide the *Fee Motion* without a hearing pursuant to LR7.1(c) of the *Local Rules of Practice for the United District Court for the District of Hawaii*.

The Court has carefully considered the *Fee Motion* and related filings, records in this case and applicable law, and **FINDS** that even though the Defendant is the prevailing party in this case, the defense in this case did not necessarily

further the Copyright Act's purpose and thus **RECOMMENDS** that the district court **DENY** the *Fee Motion*.

## DISCUSSION

Plaintiff brought a copyright infringement claim against the Defendant pursuant to 17 U.S.C. § 501. ECF No. 1 at PageID.10. Under title 17,

> [T]he court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Plaintiff thus sought attorneys' fees and costs under this statute in its *Complaint for Copyright Infringement* ("Complaint"). ECF No. 1. at PageID.10. However, as it turns out, on November 18, 2024, the parties entered into a *Stipulated Judgment of Dismissal* ("Stipulation to Dismiss"), whereby Plaintiff elected to voluntarily dismiss its claim against the Defendant pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). ECF No. 57. The *Stipulation to Dismiss* stated that the dismissal of the case was with prejudice, and in its *Opposition*, Plaintiff "does not contest that Defendant is the prevailing party" in this case. ECF No. 67 at PageID.1044. The Defendant now seeks its attorneys' fees claiming that the Defendant was the prevailing party pursuant to the *Stipulation to Dismiss*, and that Plaintiff's claim against the Defendant was frivolous and done with the improper motive to push a settlement.

2

Attorneys' fees as a result of copyright infringement lawsuits are awarded in the Court's discretion and not as a matter of course. 17 U.S.C. § 501; *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 557 (9th Cir. 1996). In determining whether to award attorneys' fees under 17 U.S.C. § 501, "plaintiff's culpability is no longer required." *Fogerty*. 94 F.3d at 558. The Court must first determine that the award to "prevailing defendants . . . further the purposes of the Copyright Act and are evenhandedly applied." *Id*. (citations omitted). In other words, "[t]he touchstone of the decision to award attorneys' fees is whether the successful defense, and the circumstances surrounding it, further the Copyright Act's 'essential goals.'" *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) (citation omitted).

In addition, the Ninth Circuit has set forth factors which the Court may consider when further deciding whether to award attorneys' fees, but the Court is not limited to these factors when making its decision. *Fogerty*. 94 F.3d at 559 (citations omitted). The courts may consider the following factors:

1. The degree of success obtained;

2. Frivolousness;

3. Motivation;

4. Objective reasonableness of the losing party's legal and factual arguments; and

5. The need to advance considerations of compensation and deterrence.

3

*Tresona*, 953 F.3d at 653 (internal quotations omitted) (citations omitted). "Substantial weight should be accorded to the fourth factor." *Id*. "Courts may look to the[se] nonexclusive . . . factors as guides and may apply them so long as they are consistent with the purposes of the Copyright Act and are applied evenly to prevailing plaintiffs and defendants . . . " *Fogerty*, 560 F.3d at 450. The Court thus turns to the beginning of its analysis – whether the defense in this case furthered the Copyright Act's purposes.

## I. The Defense in this Case Did Not Further the Copyright Act's Purposes such that Attorneys' Fees are Warranted to the Prevailing Defendant

The "Copyright Act's primary objective [is to] 'encourage the production of original literary, artistic, and musical expression for the good of the public.'" *Fogerty*, 560 F.3d at 557. Further, "[o]ne of the goals of the Copyright Act is to discourage infringement, [but] it is by no means the *only* goal of that Act." *Fogerty*, 560 F.3d at 559 (emphasis in original). Another goal is to "encourage 'defendants who seek to advance a variety of meritorious copyright defenses . . . to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'" *Id*. at 557-558. A "[s]uccessful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright[.]" *Id*. at 558.

The Defendant argues that its defense serves the purpose of the Copyright Act because Plaintiff sought to pressure non-infringers (potentially thousands) with false claims.  ECF No. 63-1 at PageID.670.  The Defendant cites to a Ninth Circuit case, *Omega S.A. v. Costco Wholesale Corp.*, in support of this proposition.  *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 696 (9th Cir. 2015).  However, in *Omega*, the court found in favor of the defendant for an award of fees because the plaintiff did not seek to provide "creative works to the general public."  *Id*. at 696.  Plaintiff's claim was that the defendant had violated plaintiff's copyright-based importation and distribution rights.  *Id*. at 695.  In other words, plaintiff was basically suing in order to "use their rights to fix resale prices in the downstream market."  *Id*. (citations omitted).  Essentially, the court concluded that "[b]y affixing a barely perceptible copyrighted design to the back of some of its watches, Omega did not provide – and did not seek to provide – creative works to the general public."  *Id*. at 696.

The Defendant does not argue that Plaintiff's works do not contribute to the creativity of the general public and that Plaintiff's lawsuits seek to merely fix prices by controlling the distribution of products.  The Defendant does not dispute that Plaintiff creates motions pictures that "have had positive global impact, leading more adult studios to invest in better content, higher pay for performers, and to treat each performer with respect and like an artist."  ECF No. 1 at

PagerID.5. Although Plaintiff is seeking to control the distribution of its works, unlike the situation in *Omega*, Plaintiff alleges that these films include creative works produced by Plaintiff.[1] The Defendant has not alleged that Plaintiff is a "copyright troll" that buys up copyrights to films and then sues masses of people for illegally downloading the films. *See Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1035 (9th Cir. 2018) (citation omitted). Instead, based upon the *Complaint*, this case was brought because it was believed that Defendant was a user who illegally downloaded and distributed works created by Plaintiff.

The Court is aware of various litigation in this and other districts initiated by the Plaintiff. The Defendant claims that because of these multiple lawsuits, and the circumstances in this situation, Plaintiff is merely seeking to pressure non-infringers into a settlement. However, the Court cannot find this to be true based on the information and evidence in this particular case. The Defendant states:

> Plaintiff ignored [Defendant's] initial, November 3, 2023 email that attempted to mitigate costs and negotiate settlement; explained his circumstances, permanent disability, and financial hardship; and tried to even help Plaintiff by suggesting alternative theories to their own case, such as open Wi-Fi in a dense neighborhood . . . Yet, in response, Plaintiff demanded a minimum settlement of $18,750.00.

ECF No. 68 at PageID.1086. Based on the Defendant's arguments, it seems that it is the Defendant, and not the Plaintiff, who initially reached out to negotiate a

---

[1] This Court does not express any view on the type of creative works produced by Plaintiffs.

settlement after receiving notice of the infringement. It also appears that the Defendant may have perceived Plaintiff's counteroffer to be high and unreasonable, and uses the settlement communication between the parties to illustrate how Plaintiff applied pressure to the Defendant to settle. However, even if the Defendant did not initiate settlement discussions, in this Court's view, Plaintiff's settlement offer of $18,750.00 pales in comparison to the $85,612.75 in attorneys' fees (and $2,158.86 in costs) Defendant claims his/her attorneys incurred to defend this case. The Court thus finds that the Defendants have not established that in this case, Plaintiff's litigation was brought for the improper purpose of merely pressuring the Defendant into settlement. Nor is there any evidence in the record to support this theory.

The Ninth Circuit has stated that "[d]igital piracy of copyrighted materials on peer-to-peer networks can have severe financial consequences for copyright holders." *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1035 (9th Cir. 2018).

> Under U.S. law, stealing intellectual property is just that—stealing. It hurts artists, the music industry, the movie industry, and others involved in creative work. And it is unfortunate that the software being used—called "file sharing," as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm . . . . To combat losses from peer-to-peer file sharing, copyright holders have filed a spate of lawsuits against infringers in federal courts across the country.

7

*Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1036 (9th Cir. 2018) (citations omitted). Thus, as much as it is important that defendants litigate meritorious defenses, it is similarly important that the owners/creators of copyrighted materials are able to protect their creations. Under the circumstances of this case, the Court cannot find that the Defendant's defense, although legitimate, necessarily furthered the Copyright Act's purpose in this case.

## II. The Ninth Circuit Factors Weigh Against the Award of Fees

When attorney fee requests are brought pursuant to 17 U.S.C. § 505, the Ninth Circuit has set forth a list that courts are required to consider. These factors weigh in favor of this Court's determination that attorneys' fees are not warranted in this case. For ease of reference, these factors are reiterated here:

1. The degree of success obtained;

2. Frivolousness;

3. Motivation;

4. Objective reasonableness of the losing party's legal and factual arguments; and

5. The need to advance considerations of compensation and deterrence.

*Tresona*, 953 F.3d at 653 (internal quotations omitted) (citations omitted). The Court shall address each in turn.

### A.     <u>Degree of Success Obtained</u>

The Defendant argues that the Defendant prevailed in this matter and obtained complete success, and that this factor weighs in favor of a fee award. ECF No. 63-1 at PageID.666. On the other hand, Plaintiff claims that although it does not dispute that the Defendant is the prevailing party in this case, it disputes the degree to which the Defendant succeeded. ECF No. 67 at PageID.1044. Plaintiff claims that the Defendant only prevailed on a technical matter and thus, this factor should only weigh lightly in favor of the Defendant. *Id*.

It is certain that Defendant prevailed in this case due to the *Stipulation to Dismiss*. However, on October 31, 2024, there was a settlement on the record, and the "[s]ettlement terms . . . remain confidential." ECF No. 53. The Court is unable to discuss or even weigh the defense's degree of success because of the confidentiality and lack of evidence in the records and in the moving papers. Accordingly, the Court cannot determine the Defendant's degree of success beyond the entry of the *Stipulation to Dismiss*; this factor weighs in favor of the Defendant, but not as heavily and absolute as the Defendant urges.

### B.     <u>Frivolousness</u>

The Defendant argues that Plaintiff's litigation in this case was frivolous and defines frivolousness by quoting a Seventh Circuit case. According to the Defendant:

9

> "[A] claim is frivolous under *Fogerty* when: . . . the losing party's motivation in filing or contesting the action was questionable, including because of a multiplicity of suits or improperly joined parties . . ."

ECF No. 63-1 at PageID.666 (citing *Live Face on the Web v. Cremation Society of Illinois*, 77 F.4th 630, 634 (7th Cir. 2023)). However, in *Live Face*, "the defendants argued that Live Face is a copyright troll—lurking in the shadows to extract nuisance settlements from passerby[s]." *Live Face*, 77 F.4th at 634. The Defendant has made no such argument in this case, and the Court does not have any evidence before it that this may be the case. Further, even the Defendant cites that "the Ninth Circuit **cautions against** simply focusing on [Plaintiff's] 10,000+ lawsuits, as the sole evidence of frivolousness." ECF No. 63-1 at PageID.666 (citing *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1045 (9th Cir. 2018)) (emphasis added). In this case, although the Defendant refers to the number of cases brought by Plaintiffs in various districts, as noted earlier, there is no evidence that litigation in this case is based on "copyright troll" practices by Plaintiff. *See Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1035 (9th Cir. 2018) (citation omitted).

In addition, this Court is not persuaded by Defendant's cherry-picked, expansive definition of frivolousness from the Seventh Circuit. The courts in the Ninth Circuit have defined frivolousness for purposes of a fee request under the Copyright Act.

> A claim is not frivolous under the Copyright Act merely because it is unsuccessful. Rather, a frivolous claim under the Copyright Act is one that, in either the factual or legal assertions, is clearly baseless, involving fantastic or delusional scenarios. Put another way, a case is deemed frivolous only when the result is obvious or the arguments are wholly without merit.

*Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *8 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (internal citations and quotation marks omitted). In the *Complaint* (ECF No. 1) and *Application to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference* (ECF No. 8), Plaintiff carefully describes the technology used to monitor and detect the illegal downloading and distribution of its films, and how it acquired an IP address that was infringing its copyright. ECF No. 1 at PageID.5-10; ECF No. 8-1 at PageID.34-36. It is clear that Plaintiff subpoenaed Defendant's Internet Service Provider (Spectrum) to identify the user assigned to the IP address being used to download and distribute Plaintiff's films. ECF No. 1 at PageID.2-3. The Defendant was identified using this procedure, and further information was anticipated to be obtained through the discovery process. The records in this case reflect that it was during the discovery process that the parties entered settlement on the record. ECF No. 53. Based on these facts, the Court cannot find that Plaintiff's claims were "baseless," involved "fantastic or delusional scenarios," and was "wholly without merit. *See Perfect 10*, 2015 WL 1746484 at *8. Accordingly, this factor does not weigh in favor of an award of attorneys' fees.

### C. <u>Motivation</u>

As explained previously, this Court simply does not have any evidence before it that indicates an improper motive by the Plaintiff and that Defendant's defense furthers the Copyright Act's purpose. *See supra* Part I. Plaintiff's commenced this case on April 17, 2025, and the Defendant was served on October 22, 2023. Since that time, the Defendant answered the *Complaint* (ECF No. 25), this Court held a Rule 16 Scheduling Conference with the parties (ECF No. 33), the parties litigated to allow Defendant to proceed anonymously (ECF No. 41), and discovery disputes ensued until settlement was placed on the record (ECF No. 53), and this case was dismissed with prejudice on November 18, 2024 (ECF No. 57). Notably, no dispositive motions were filed by the Defendant. Accordingly, based upon the record in this case, this Court cannot find that Plaintiff's motivation was improper in bringing this case. This factor does not weigh in favor of an attorney fee award.

### D. <u>Objective Reasonableness of Plaintiff's Legal and Factual Arguments</u>

"[A] claim is objectively unreasonable where the party advancing it 'should have known from the outset that its chances of success in this case were slim to none.'" *See Perfect 10*, 2015 WL 1746484 at *11 (citing *SOFA Entertainment, Inc. v. Dodger Prods., Inc.,* 709 F.3d 1273, 1280 (9th Cir.2013)). The Court finds that given the information before this Court, the technology described by the

12

Plaintiff, and the process Plaintiff followed to identity the user assigned to the infringing IP address, the Court cannot find that Plaintiff's legal and factual arguments were not objectively reasonable at the outset of this case. This factor therefore does not weigh in favor of awarding attorneys' fees to the Defendant.

E.  **Compensation and Deterrence**

This Court has previously discussed its findings in this case regarding whether the defense furthers the Copyright's purpose. *See supra* Part I. This is not a situation where the defense against Plaintiff's allegations necessarily furthers the purpose of the Copyright Act beyond the fact that Defendant was the meritorious party due to a voluntary *Stipulation to Dismiss*.

For example, the Ninth Circuit has "previously recognized '[w]hen a fee award encourages a defendant to litigate a meritorious fair use claim against an unreasonable claim of infringement, the policies of the Copyright Act are served.'" *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 654 (9th Cir. 2020) (citation omitted). In *Tresona*, copyrighted music was used in a high school choir competition program, held by a nonprofit organization, to raise money to help cover a high school's show choir expenses. *Id*. at 642. This is because student contributions failed to cover these expenses. *Id*. Plaintiffs sued the public high school, the vocal music director, and other parties believed to be involved in the copyright infringement. *Id*. The defendants asserted the defense of

13

fair use, which under this doctrine, "teaching is explicitly listed as fair use [in the Copyright Act.]" *Id*. at 647.  The fair use doctrine "permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster[.]"  *Id.* at 647 (citations omitted).  Therefore, "[a] public school teacher acting in his teaching capacity would be reasonable in believing the fair use defense applies." *Id*.  Attorneys' fees were awarded as a result of the defendants' successful defense in *Tresona* because the defense served the purposes of the Copyright Act's purposes.

This case is obviously distinguishable from *Tresona* because the fair use doctrine is not involved here, and Defendant does not claim to be an educator or a nonprofit organization using copyrighted material for educational purposes.  However, given the type of defenses in which fees are awarded to the prevailing defendant under the Copyright Act, including *Tresona* and *Omega*, it is difficult for this Court to find, based on the facts of this case, that the Defendant's defense furthered the Copyright Act.  The Defendant merely denied the downloading and distribution of copyrighted material created and owned by Plaintiff.  Further, the Defendant did not file any dispositive motions in this case, and the *Stipulation to Dismiss* was entered into during the discovery phase.  It is not enough to merely assert that Plaintiff has a large number of cases and that the Defendant in this case prevailed based on a voluntary *Stipulation to Dismiss*.  Merely dodging a bullet,

without more as to how this would further the purposes of the Copyright Act, does not entitle a defendant to an award of attorneys' fees. Accordingly, the Court finds that this factor also fails to weigh in favor of a fee award.

Because this Court **FINDS** that the defense in this case does not necessarily further the purposes of the Copyright Act, and four out of the five factors do not support the award of fees, the Court **DENIES** the Defendant's request for fees and costs.

## CONCLUSION

Based upon the foregoing, the Court **FINDS** that the defense in this case did not further the Copyright Act's purposes and accordingly **RECOMMENDS** that Defendant's request for $85,612.75 in attorneys' fees and $2,158.86 in costs be **DENIED**.

//

//

//

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 30, 2025.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00178 JAO-RT;  *Strike 3 Holdings, LLC vs. John Doe Subscriber, Assigned Ip Address 75.85.3.187*;  Findings and Recommendation to Deny Defendant's Notice of Motion for Attorneys' Fees and Costs